IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EMANUEL BRISTER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CAUSE NO. _____ |
| v. | § | |
| | § | |
| DELTA WING, INC. and BRIAN DAVIS, | § | |
| | § | |
| *Defendants*. | § | JURY DEMAND |

<u>NOTICE OF REMOVAL</u>

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §1441 and 1446, Defendant Delta Wing, Inc. (hereinafter "Delta Wing") hereby files this Notice of Removal as to the state court action styled *Emanuel Brister v. Delta Wing, Inc. and Brian Davis*, from the 116th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. Defendant is entitled to removal because diversity jurisdiction lies in the United States District Court for the Northern District of Texas. Diversity jurisdiction exists where there is complete diversity between the Plaintiff and Defendants and where the amount in controversy exceeds $75,000.00.[1] In this matter, there is complete diversity of citizenship, and the amount in controversy exceeds $75,000.00.

**I.     <u>Documents Attached Pursuant to L.R. 81.1</u>**

1.     Pursuant to L.R. 81.1(4)(A), an index of all documents, including the date each document was filed in state court, is attached as **Exhibit A**.

---

[1] *See* 28 U.S.C. § 1332(a).

2. Pursuant to L.R. 81.1(4)(B), a copy of the state court docket is attached hereto as **Exhibit B**.

3. Pursuant to L.R. 81.1(4)(C), a copy of each document filed in the state court action is attached as **Exhibit C-1** through **C-6**.

4. Pursuant to L.R. 81.1(4)(D), a copy of Delta Wing's Certificate of Interested Persons is attached as **Exhibit D**.

## II. This Notice Complies with the Procedural Requisites of 28 U.S.C. §§ 1441 and 1446

5. Plaintiff filed a civil action against Defendants Delta Wing and Brian Davis ("Davis") (collectively "Defendants") in the 116th Judicial District Court of Dallas County, Texas, styled *Emanuel Brister v. Delta Wing, Inc. and Brian Davis*, Cause No. DC-21-17501 (hereinafter the "State Court Action").[2]

6. Plaintiff obtained service of process on Delta Wing on January 3, 2022. Delta Wing answered and entered an appearance in the underlying State Court Action on January 24, 2022.[3]

7. Upon information and belief, Plaintiff has not obtained service of process on Defendant Brian Davis. As of the date of this filing, Defendant Brian Davis has not answered or entered an appearance in the underlying State Court Action.

8. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b)(1) as it is filed within thirty days of when Delta Wing received a copy of *Plaintiff's Original Petition*.

9. Venue is proper in this Division and District pursuant to 28 U.S.C. §1441(a) because the State Court Action was filed in Dallas County, Texas, which is within the Dallas Division of the United States District Court for the Northern District of Texas.

---

[2] *See* **Exhibit C-5**, Plaintiff's First Amended Original Petition.
[3] *See* **Exhibit C-6**, Delta Wing, Inc.'s Original Answer and Affirmative Defenses.

10. As required by 28 U.S.C. §1446(d), Defendant Delta Wing, Inc. filed the attached Notice of Filing of Removal with the 116th Judicial District Court in Dallas County, Texas on the date the original Notice of Removal was filed.[4]

### III. Standard for Diversity Jurisdiction

11. Diversity jurisdiction exists where there is complete diversity between Plaintiff and Defendants and where the amount in controversy exceeds $75,000.00.[5]

12. A natural person is considered a citizen of the state where he or she is domiciled, and "the place of residence is prima facie the domicile."[6] However, citizenship requires not only residence, but the "purpose to make the place of residence one's home."[7]

13. A corporation is a citizen of every state in which it is incorporated and where it has its principal place of business.[8]

14. This Court has original jurisdiction over this matter under 28 U.S.C. §1332(a) because there is complete diversity between all joined parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### IV. This Court Has Diversity Jurisdiction Over This Case

15. Plaintiff is a citizen of Louisiana as he is domiciled in Orleans County, Louisiana with the purpose of making Orleans County, Louisiana his home. The pleadings before the Court establish, and Defendant asserts, that Plaintiff is a citizen of the State of Louisiana for diversity

---

[4] *See* **Exhibit F**, Notice of Filing of Removal.
[5] *See* 28 U.S.C. §1332(a).
[6] *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019 (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)).
[7] *Id.* (quoting, *State of Texas v. state of Florida*, 306 U.S. 398, 59 S. Ct. 563, 83 L.#d. 817(1939)(internal quotations omitted).
[8] *See* 28 U.S.C. §1332(c)(1); *Underwood Res., LLC v. Brigadier Oil & Gas, LLC*, 3:15-CV-1024-L, 2015 WL 11120876, at *2 (N.D. Tex. June 18, 2015).

jurisdiction purposes as his place of residence is in Orleans County, Louisiana, and he has made the residence his home.

16. Defendant Delta Wing is incorporated under the laws of the State of Illinois. Delta Wing's principal place of business is located at 30 Old Oak Drive, #107, Buffalo Grove, Illinois 60089.[9] Therefore, Defendant Delta Wing is a citizen of Illinois for purposes of diversity jurisdiction.[10]

17. Defendant Davis is an individual whose citizenship for purposes of jurisdiction is determined by his place of domicile. Defendant Davis is a citizen of Illinois as he is domiciled in Cook County, Illinois with the purpose of making Cook County, Illinois his home. The pleadings before the Court establish, and Defendant asserts, that Defendant Davis is a citizen of Illinois for diversity jurisdiction purposes as his place of residence is in Cook County, Illinois.[11]

18. Because Plaintiff is a citizen of the State of Louisiana, and Defendants are citizens of Illinois, there is complete diversity of citizenship between Plaintiff and Defendants as required by 28 U.S.C. §1332(a)(c).

19. Plaintiff alleges in his First Amended Petition that he is seeking damages in excess of $250,000.00.[12] Accordingly, Plaintiff has asserted alleged damages in excess of the $75,000.00 minimum jurisdictional amount required by 28 U.S.C. §1332.

20. As there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000.00, this case satisfies the jurisdictional requirements set forth in 28 U.S.C. §1332.

---

[9] *See* **Exhibit C-5**, Plaintiff's First Amended Original Petition at § III.
[10] *See* 28 U.S.C. §1332(a).
[11] *See* **Exhibit C-5**, Plaintiff's First Amended Original Petition at § III.
[12] *See* **Exhibit C-5**, Plaintiff's Original Petition at § II.

WHEREFORE, PREMISES CONSIDERED, Defendant Delta Wing, Inc., pursuant to the foregoing statutes, removes this action for trial from the 116th Judicial District Court of Dallas County, Texas, styled *Emanuel Brister v. Delta Wing, Inc. and Brian Davis*, Cause No. DC-21-17501, to this Court on January 10, 2022.

**MACDONALD DEVIN MADDEN KENEFICK & HARRIS, P.C.**

*/s/ Patrick F. Madden*
**PATRICK F. MADDEN**
State Bar No. 00787943
PMadden@MacdonaldDevin.com
**JENNIFER A. CHEEK**
State Bar No. 24096650
JCheek@MacdonaldDevin.com
3800 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2130
214.744.3300 Telephone
214.747.0942 Facsimile

***COUNSEL FOR DEFENDANT DELTA WING, INC.***

## CERTIFICATE OF SERVICE

On February 2, 2022, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Patrick F. Madden*
**PATRICK F. MADDEN**