1 CIT SOS ES

Case 3:22-cv-00247-G   Document 1-3   Filed 02/02/22   Page 1 of 10   PageID 10

FILED
12/7/2021 2:39 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Kayla Buckley DEPUTY

CAUSE NO. DC-21-17501

| | | |
|---|---|---|
| EMANUEL BRISTER | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| V. | § | DISTRICT NO. 116th _____ |
| DELTA WING, INC. and JOHN DOE, | § | |
| *Defendant.* | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Emanuel Brister (hereinafter, "Plaintiff") complaining of Delta Wing, Inc, and John Doe (collectively, "Defendants"), and in support of which, would respectfully show the Honorable Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3, pursuant to Texas Rule of Civil Procedure 190.4.

### II.
### TEXAS RULE OF CIVIL PROCEDURE 47

Pursuant to Texas Rule of Civil Procedure 47(b), Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff's counsel states that Plaintiff seeks monetary relief of over $250,000 but not more than $1,000,000.00. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks prejudgment and post-judgment interest at the highest legal rate.

## III.
## PARTIES

Plaintiff Emanuel Brister is an individual who may be contacted by and through his counsel of record, Richard R. Hyde, Jr. of THE LEDGER LAW FIRM. The last three digits of Plaintiff's driver's license are 051. The last three digits of his social security number are 964.

Defendant Delta Wing, Inc., a foreign corporation organized and existing under the laws of , whose principal office is located at 30 Old Oak Drive, Unit 107, Buffalo Grove, IL 60089, may be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701, as Defendant Delta Wing, Inc.'s agent for service of process because Defendant Delta Wing, Inc., is required to register with the Secretary of State but has not appointed or maintained a registered agent for service of process in Texas. *See* TEX. BUS. ORGS. CODE § 5.251(1)(A).

Defendant John Doe is an individual whose identity is unknown at this time. Defendant John Doe was the driver of the vehicle associated with VIN# 1FUJGLD66ELFX5382 at the time of the motor vehicle collision giving rise to this action. Defendant Delta Wing, Inc., and its insurance carrier know the identity of John Doe, but refuse to disclose John Doe's identity or contact information.

## IV.
## JURISDICTION AND VENUE

The Court has jurisdiction over the controversy *sub judice* because the damages are within the jurisdictional limits of this honorable Court. In addition, this Court is the proper venue for this action, pursuant to the Texas Civil Practice & Remedies Code § 15.002, because the incident complained of herein occurred in Dallas County, Texas.

## V.
## FACTUAL BACKGROUND

On or about February 27, 2020, at approximately 8:00 PM CST, Plaintiff Emanuel Brister was sitting in the driver's seat of his tractor-trailer, eating a chicken dinner.

It was then that another commercial tractor-trailer (VIN# 1FUJGLD66ELFX538) collided into the rear side of Plaintiff's tractor-trailer. The owner of the other tractor-trailer was Defendant Delta Wing, Inc. The driver of the other tractor-trailer is unknown at this time and has been temporarily identified in this pleading as John Doe.

The above-described collision injured Plaintiff.

Following the collision, Plaintiff called Dallas P.D., who responded to the scene. However, prior to Dallas P.D.'s arrival at the scene, Defendant John Doe fled the scene of the wreck, abandoning Defendant Delta Wing, Inc.'s tractor-trailer at the crash site.

## VI.
## CAUSES OF ACTION

**A.   NEGLIGENCE**

At the time of and leading up to the subject motor vehicle collision, Defendant John Doe was operating his vehicle negligently. Defendant John Doe owed Plaintiff, among others on the road, a duty to exercise ordinary care and to operate his vehicle reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1. Defendant failed to maintain a safe driving distance from Plaintiff's vehicle;

2. Defendant failed to timely apply the brakes of his vehicle in order to avoid the collision in question;

3. Defendant failed to make a proper evasive maneuver;

    4.    Defendant traveled at an excessive rate of speed in relation to the vehicles in front of him and the applicable speed limits; and

    5.    Defendant failed to keep a proper lookout and attention to the roadway.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision, and consequently, the injuries and damages suffered by Plaintiff Emanuel Brister.

**B.    NEGLIGENCE PER SE**

Plaintiff incorporates all foregoing paragraphs herein.

Plaintiff would additionally show that Defendant John Does's conduct (and by extension, Defendant Delta Wing, Inc.'s conduct) constituted negligence *per se* in that Defendant violated Section 49.04 of the Texas Penal Code (Driving While Intoxicated). Such conduct proximately caused Plaintiff's injuries and other damages.

**C.    NEGLIGENT ENTRUSTMENT**

Plaintiff incorporates all foregoing paragraphs herein.

Plaintiff respectfully shows that at the time and on the occasion complained of, Defendant Delta Wing, Inc., negligently entrusted its tractor-trailer to Defendant John Doe, in that Defendant Delta Wing, Inc., knew or should have known at the time of such entrustment that Defendant John Doe was incapable of safely operating the vehicle in question and that to do so would endanger the health and safety of persons such as Plaintiff. Defendant Delta Wing, Inc.'s negligent entrustment of the tractor-trailer to Defendant John Doe proximately caused the collision on the date at issue, and the injuries and damages sustained by Plaintiff.

### D.     STATUTORY VIOLATIONS OF FMCSR

Plaintiff incorporates all foregoing paragraphs herein.

Defendant Delta Wing, Inc., is an interstate common carrier based out of Illinois (U.S. DOT number 2803443).  At the time of the subject collision, the negligent driver of the subject tractor-trailer, John Doe, was an employee and/or agent of Defendant Delta Wing, Inc.

Moreover, Defendant Delta Wing, Inc. owned, leased, operated, and/or controlled the subject tractor-trailer driven by the negligent driver on the date of the Collision. Regardless of the employment relationship and/or agency between Defendant Delta Wing, Inc. and the driver of the subject tractor-trailer, Defendant Delta Wing, Inc., is the registered owner of U.S. DOT number 2803443, displayed on the truck involved in this wreck and is therefore responsible for the acts of the driver of that vehicle.

The provisions of 49 C.F.R. §§ 301 to 399, commonly referred to as the Federal Motor Carrier Safety Regulations ("FMCSR") are applicable in this case, as Defendant Delta Wing, Inc is an *interstate common carrier*, and the negligent driver is its driver/agent. At all times relevant, Defendant Delta Wing, Inc., and its agents, were bound by the FMCSR and required to obey its regulations at the time of the wreck and at all relevant times prior to the wreck.

Defendant Delta Wing, Inc. violated numerous federal and state statutes designed to protect and safeguard the motoring public, including Plaintiff, and Delta Wing is therefore liable for negligence and/or *negligence per se*. Foreseeable harm and or death can occur if a trucking company like Defendant Delta Wing fails to hire, qualify, train, or supervise its drivers with the care and skill required to meet reasonable minimum industry standards.

Indeed, Defendant Delta Wing, Inc was required by the FMCSR to teach and train its drivers (including its negligent driver) to a degree that its drivers are able to understand and obey

the rules and regulations contained in the FMCSR and carry out their duties and obligations thereunder.

In this case, Defendant Delta Wing, Inc. failed to satisfy those obligations—malfeasance that resulted in injuries to Plaintiff. Defendant Delta Wing, Inc. breached its statutory and common law duties in one or more of the following respects:

a. Operating a commercial motor vehicle while unauthorized to do so;

b. Failing to exercise reasonable and necessary care in investigating and/or vetting its drivers capabilities, professional background, qualifications, and fitness to operate the subject tractor-trailer prior to hiring and/or contracting him to drive the subject tractor-trailer;

c. Failing to properly train its driver to safely operate the subject tractor-trailer involved in this incident with Plaitniff;

d. Failing to properly train its driver to properly inspect the subject tractor-trailer involved in the incident with Plaintiff;

e. Failing to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe, and negligently failed to do so;

f. Failing to require its driver to comply with imposed duties and prohibitions, as enumerated in 49 C.F.R. § 390.11;

g. Failing to systematically inspect, repair and maintain all CMV under its control per 49 C.F.R. § 396;

h. Failing to keep parts and accessories (to the Tractor-Trailer) in safe and proper operating condition at all times, in accordance with 49 C.F.R. § 393;

i. Through its agent, driving a commercial motor vehicle without being qualified to do so, in violation of C.F.R. § 391.11;

j. Through its agent, failing to maintain a knowledge and understanding of state and federal motor carrier safety regulations pertaining to procedures for safe vehicle operations, in violation of 49 C.F.R. § 383.111;

k. Failing to conduct a pre-trip inspection, in violation of 49 C.F.R. § 392.7(a);

l. Failing to adequately maintain the condition of the semi-truck and the utility trailer, including the equipment on the trailer, in violation of 49 C.F.R. § 392.7(a); and

    m.    Failing to adequately equip, or repair any defects in the semi-truck and trailer prior to its projectile collision with the vehicle occupied by Plaintiff, in violation of 49 C.F.R. § 392.7(a).

Such acts and/or omissions were a proximate cause of the damages in question. Defendant Delta Wing, Inc., was also required to observe those rules and regulations violated by its driver/agent/employee, the negligent driver of the subject tractor-trailer. The acts and omissions of Defendant Delta Wing, Inc in this case constitute negligence and/or *negligence per se* that proximately caused Plaintiff's injuries and damages.

### E. GROSS NEGLIGENCE

Defendant John Doe operated his commercial motor vehicle while impaired by narcotics or alcohol. Such acts, when viewed from the standpoint of Defendant John Doe, involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff and others. Such grossly negligent conduct proximately caused the damages sustained by Plaintiff in the subject collision.

## VII.
## VICARIOUS LIABILITY

Plaintiffs incorporate all foregoing paragraphs herein.

At the time and on the occasion complained of, the individual identified as Defendant John Doe was, on information and belief, acting in the course and scope of his employment or other agency to Defendant Delta Wing, Inc.

Accordingly, Defendant Delta Wing, Inc. is liable for the damages caused by the negligent *and* grossly negligent acts and omissions of Defendant John Doe, which proximately caused Plaintiff's damages identified in later part herein. Such negligent acts and omissions include, but

are not limited to, operating the Delta Wing tractor-trailer while distracted, while impaired, or otherwise operating the tractor trailer in an imprudent fashion. Such vicarious liability is imposed pursuant to the doctrines of *respondeat superior*, agency, apparent agency, or other similar theory of law.

## VIII.
## DAMAGES

A.   **Compensatory Damages**

As a proximate result of Defendants' negligence, Plaintiff Emanuel has sustained the following injuries and damages for which he now makes legal claims:

1. Physical pain and suffering in the past and future;
2. Mental anguish in the past and future;
3. Physical impairment in the past and future;
4. Loss of earning capacity in the past; and
5. Loss of earning capacity in the future.

b.   **Exemplary Damages**

Further, in addition to compensatory damages, Plaintiff seeks an award of punitive damages against Defendants. Plaintiff makes his claim for exemplary damages pursuant to Section 41.003(a) of the Texas Civil Practice & Remedies Code on the basis that Plaintiff's injuries resulted from Defendants' harmful conduct, which amounted to gross negligence, as described above.

## IX.
## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury and has enclosed with the filing of this Petition the appropriate jury fee.

## X.
## U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff Emanuel Brister intends to use the U.S. Life Tables, as prepared by the Department of Health and Human Services, in the prosecution of the case *sub judice*.

## XI.
## RESERVATION OF RIGHTS

The above allegations against Defendants are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts may be uncovered that necessitate further, additional, and/or different allegations, including the potential of adding additional parties to the case or dismissing parties from the case. The right to do so, under Texas law, is expressly reserved.

## XII.
## RULE 193.7 NOTICE

Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby give notice that Plaintiffs intend to use all discovery instruments produced in this case at trial. Such discovery documents include, but are not limited to, all documents Defendants have produced in response to Plaintiffs' written discovery requests.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Emanuel Brister prays that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff have, as follows:

1. Judgment against Defendants for Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

2. Judgment against Defendants for Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

3. Judgment against Defendants for Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

4. Judgment against Defendants for Plaintiff's past lost earning capacity;

5. Judgment against Defendants for Plaintiff's future lost earning capacity;

6. Judgment against Defendants for exemplary damages;

7. Interest on the judgment at the legal rate from the date of judgment;

8. Prejudgment interest on Plaintiff's damages, as allowed by law;

9. All costs of court; and

10. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Richard R. Hyde, Jr.*
Richard R. Hyde, Jr.
State Bar No. 24101949
Texas@LedgerLaw.com
THE LEDGER LAW FIRM
420 Throckmorton Street, Ste. 200
Fort Worth, Texas 76102
P: (214) 444-7788
F: (214) 444-7788
***Attorney for Plaintiff***